IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 15-3084-01-CR-S-MDH |
|---|---|
| Plaintiff, | **COUNT 1**<br>18 U.S.C. §§ 1343 and 2<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony |
| v. | |
| **CHRISTOPHER HANSON,**<br>[DOB: 11/12/1961] | |
| Defendant. | **COUNT 2**<br>18 U.S.C. § 1957<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony |
| | **FORFEITURE ALLEGATION**<br>18 U.S.C. § 982 |
| | $100 Special Assessment per felony |

### INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this Information:

#### Introduction

1. Beginning in April 2010, through March 2011, said dates being approximate, the defendant, **CHRISTOPHER HANSON,** was the registered agent and owner of Hanson Holding, LLC, ("H.H.").

2. H.H. was a financial investment company registered with the Secretary of State for Missouri that solicited investors to invest in short-term and long-term investments related to Collateralized Mortgage Obligations (CMO) and United States Treasury securities.

3. As the owner of H.H., the defendant, with others known and unknown to the United States Attorney, communicated with prospective investors for the purpose of soliciting funds to purchase a CMO and other treasury security investments.

4. During the investment presentations, the defendant represented that H.H. would use the investor's money to purchase either a CMO or other treasury securities.

5. The defendant told investors during the presentation they would receive their original investment plus a substantial profit within just a few weeks or months after making the initial investment.

## The Scheme

6. Beginning in April of 2010, and continuing until March of 2011, the defendant, as the owner of H.H., contacted individuals to invest money in the aforementioned investment schemes.

7. Once an individual agreed to invest their money with H.H., a wire transmission occurred that transferred monies from the bank account of the investor to an account controlled by the defendant or other individuals associated with H.H.

8. Once the defendant received the investor's funds within his account, he then used the monies to either pay earlier investors who complained about a lack of payment, or paid personal expenses and other items unrelated to the business investment presented by the defendant.

9. The defendant and others never used the monies obtained from the individual investors to purchase either a CMO or other treasury securities.

10. At various times from April 2010, through March 2011, said dates being approximate, while the defendant owned H.H., he knowingly executed the aforementioned

scheme to defraud investors and to obtain money from investors by means of false and fraudulent pretenses, representations and promises.

11. On several occasions, over the span of nearly one year, while owning and operating H.H., the defendant caused the interstate transmission of electronic transfers of monies from the bank accounts of its investors, to bank and investments accounts under the defendant's control based on his misrepresentation that these monies would be used to purchase a CMO or treasury securities, but in fact were used by the defendant and others to repay other investors involved in the aforementioned scheme, or to pay for unrelated expenses.

## COUNT 1
(Wire Fraud – 18 U.S.C. § 1343)

12. On or about January 19, 2011, said date being approximate, in the Western District of Missouri, and elsewhere, the defendant, **CHRISTOPHER HANSON**, having devised and intending to devise the aforementioned scheme and artifice to defraud J.T. for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted in interstate commerce wire and radio sounds, signals, that is, electronic wire transmissions transferring monies from J.T.'s bank account number XXXX1091 at Whitney Bank in New Orleans, Louisiana, to **CHRISTOPHER HANSON'S** Scottrade account XXXX0537 with U.S. Bank via internet transactions originating from Springfield, Missouri, located in the Western District of Missouri, in violation of Title 18, United States Code, Section 1343.

## COUNT 2
(Money Laundering – 18 U.S.C. § 1957)

13. On or about January 28, 2011, said date being approximate, in the Western District of Missouri, and elsewhere, the defendant, **CHRISTOPHER HANSON**, knowingly

engaged and attempted to engage in a monetary transaction by and through a financial institution, effecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the electronic withdrawal of funds from Hanson Holdings, LLC's Scottrade account number ending with 0537 and depositing of those funds into a TCF Bank account number ending with 4032, such property having been derived from a specified unlawful activity, that being wire fraud, contrary to the provisions of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

16. The allegation of Count 1 in this information is hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 982(a)(6)(A).

17. The property, real and personal, of the defendant **CHRISTOPHER HANSON**, obtained, directly or indirectly, as a result of the violation of law set out in Count 1 of this information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count 1 of this information, is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii)(I).

18. Specifically subject to forfeiture is a monetary judgment that constitutes the sum of the aggregate proceeds of the fraudulent scheme in United States Currency that resulted directly from the commission of the offense alleged in Count 1 in the amount of $1,134,500.00.

19. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A)    cannot be located upon the exercise of due diligence;

(B) has been transferred to, sold to, or deposited with a third person;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; and/or

(E) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 18 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,
TAMMY DICKINSON
United States Attorney

/s/ Patrick C.
PATRICK A. N. CARNEY
Assistant United States Attorney

DATED: 9/14/2015
Springfield, Missouri